AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff,

v.

George J. MUELLER, and Dominic V. Costa, M.D. and Eastern Electric Sales Co., Inc., Defendants.

No. 82–1832C(C).

United States District Court,
E.D. Missouri, E.D.

Aug. 10, 1983.

Stephen D. Hoyne, St. Louis, Mo., for plaintiff.

John M. Goodwin, David O. Danis, Larry W. Glenn, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending on a suit for Declaratory Judgment brought by American Family Mutual Insurance Company to determine its rights and obligations under a certain policy of insurance. A homeowner's policy issued to George J. Mueller.

American Family Mutual Insurance Company is an insurance company incorporated under the laws of the State of Wisconsin having its principal place of business in Wisconsin.

Defendants George J. Mueller and Dominic V. Costa are citizens of Missouri residing in St. Louis County, Missouri.

Defendant Eastern Electric Sales Co., Inc., is a corporation organized under the law of the State of Pennsylvania with its principal place of business at Aston, Pennsylvania, and it does business in the State of Missouri.

The present controversy exists between citizens of different states and the amount of the suit is over $10,000, therefore this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

The policy in question was issued to George J. Mueller and Katherine Mueller, his wife and was in full force and effect on April 19, 1977.

The policy included coverage for any liability arising out of an occurrence which was defined as an accident. It excluded coverage for liability any bodily injury either expected or intended by the insured.

George Mueller was injured on March 1, 1975 when a forklift blade fell off a forklift and injured his foot. He went to Dominic V. Costa, M.D. for treatment and was treated for some two years by Dr. Costa but continued to suffer from pain in the right leg and foot.

On April 19, 1977 George Mueller left his house with his 12 gauge shotgun and shells and drove to the office of Dr. Costa. He waited in his automobile near the door of Dr. Costa's office and when he saw Dr. Costa about to enter the office, he shot him in the legs and foot.

Mr. Mueller immediately went to the door of Dr. Costa's office and told the nurse to call a doctor and to call an ambulance and to call the police.

George Mueller awaited the arrival of the police who took him to the City Jail where he was charged with assault with intent to maim with malice. He was examined by a psychiatrist for the State of Missouri, Dr. Bun Tee Co, who is a Board Certified Psychiatrist and a full time employee of Malcom Bliss Mental Health Center in the City

of St. Louis. Mueller was hospitalized at Malcom Bliss Mental Health Center in May of 1978. He was again hospitalized for psychotic depression at St. John's Mercy Hospital in 1978 under the care of Dr. Leonard Wiedershine.

George Mueller pleaded guilty to the reduced charge of assault with intent to maim without malice and received a suspended imposition of sentence and was placed on a five year probation.

Dr. Dominic Costa has filed a Petition in the Circuit Court of the City of St. Louis for damages for the injuries occurring in the incident of April 19, 1977, when he was shot by George Mueller.

The policy in question provides coverage up to $50,000 for any bodily injury by accident on behalf of its insured, George Mueller.

The testimony of Dr. Bun Tee Co, states that at the time he shot Dr. Costa, George Mueller was suffering from psychotic depression and while he knew what he was doing he had no control over his actions.

Dr. Leonard Wiedershine, who is a Board Certified Psychiatrist and is in private practice in St. Louis County, testified that George Mueller, at the time of the shooting was suffering from an acute psychotic depressive condition. At the time he shot Dr. Costa he was not able to govern his conduct in accordance with reason and that Mueller was unable to control his behavior.

The burden is on the Plaintiff in a case such as this to prove under presentation of evidence, the clause in the insurance policy which excludes intentional acts would include the shooting of Dr. Costa. *Home Indem. Co., v. Politte,* 602 S.W.2d 943, 946 (Mo.App.1980).

In defining, "intentional" acts, *Crull v. Gleb,* 382 S.W.2d 17, 21 (Mo.App.1964) held that the word intentional means, deliberately and consciously intending, or meaning, to do the acts themselves, knowing that they are wrong and knowing that harm could result from such actions.

In this case Mueller intended to shoot Dr. Costa but he had no control of his intentions. His mind was unable to fathom what he was really doing.

Missouri Courts have held that an insane person who commits suicide does not commit an intentional act but commits an accident. See *Andrus v. Business Mens Acc. Ass'n. of America,* 283 Mo. 442, 223 S.W. 70, 74 (1920).

This Court is of the opinion that if confronted with this problem in Missouri the Missouri Courts would hold that the condition of Mueller was such that he could not legally have intended to shoot Dr. Costa and accordingly, the exclusion phase in the policy does not apply.

Judgment will be entered in favor of all the Defendants and against the Plaintiff and the Court finds that the Plaintiff's policy issued to George and Katherine Mueller was in full force and effect and that the acts of George Mueller were not excluded from this policy.

## JUDGMENT

A Memorandum dated this date is hereby incorporated into and made a part of this judgment.

·IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the policy issued by American Family Mutual Insurance Company to George J. Mueller and his wife, Katherine, was in full force and effect at the time George Mueller shot Dr. Dominic V. Costa, and that because of the condition of George Mueller's mind at the time of the shooting, he could not have consciously and legally intended to injure Dr. Costa, the exclusion clause in the policy does not apply and the American Family Mutual Insurance Company is liable under the terms and conditions of its policy.